IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

CAROL L. McCUNE and
CONNIE R. SMITH,

    Plaintiffs,

v.                              Case No. 6:08-cv-00007

MED PROV MEDICAL BENEFIT PROGRAM,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

By Order entered January 7, 2008, the court denied without prejudice Plaintiffs' Application to Proceed Without Prepayment of Fees pursuant to 28 U.S.C. § 1915(e)(2)(docket # 5.) The undersigned determined that Plaintiffs' complaint failed to state a claim upon which relief can be granted because (1) there were not sufficient allegations to establish diversity of citizenship as between Plaintiffs and Defendant, including the location of Defendant's principal place of business, and an allegation that the matter in controversy exceeds the sum of $75,000; and (2) the court could not discern any allegation as to the manner or method in

which Defendant allegedly violated the law, including which sections of the Racketeer Influenced and Corrupt Organizations Act ("RICO") Defendant allegedly violated. In addition, the court found that the complaint lacked sufficient information to accomplish service of process on Defendant. As a result of these deficiencies, the court denied Plaintiff's Application without prejudice, permitted Plaintiffs to amend their complaint to attempt to comply with the requirements of federal jurisdiction, and directed them to file a second application within thirty (30) days. (# 5.)

Plaintiffs have not filed a second application to proceed without prepayment of fees, but on January 11, 2008, Plaintiffs filed an amended complaint(# 6), along with two exhibits (# 6-2). On March 4, 2008, Plaintiffs filed an addendum to the amended complaint. (# 8.) In the amended complaint, Plaintiffs allege that "what is at stake should exceed $75000.00." (# 6, p. 1.) In addition, Plaintiffs provide an address for Defendant in Silver Spring, Maryland, but also suggest that Defendant is a Canadian company.

Rule 8, *Fed. R. Civ. P.* provides that a "pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, . . .."

2

In Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955, 1968-69 (2007), the Supreme Court observed that a complaint should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Id. at 1964-65.

Though unclear, Plaintiffs' Complaint appears to allege that plaintiff Connie Smith, who is diagnosed as having bipolar disorder, and plaintiff Carol McCune (Ms. Smith's mother) are outraged and sickened that Defendant unsuccessfully attempted to obtain $389.00 from the checking account of Carol McCune.  Plaintiffs allege that Defendant violated RICO "when such a business performs such a corrupt act as illegally gaining un-authorized entry into a U.S. citizens [sic] personal EFFECTS such as checking...."  (# 6, p. 3.)  Plaintiffs contend that "even though there was no purchase or sale of any securities from MED PROV, they did in fact took [sic] it upon themselves to 'scam' money for themselves and/or business.  Even though 'MED PROV' did not manage to collect indirectly because of insufficient funds, their attempt was to gain money they were not entitled to for their

own use." (# 6, p. 5.)  Plaintiffs further claim that their "civil liberties" have been violated, including their right to be free of search without cause. (# 6, p. 5.)

The court has carefully reviewed Plaintiffs' original complaint and amended complaint, as well as the exhibits to the amended complaint and the addendum to the amended complaint.  The court is constrained to conclude once again that Plaintiffs have failed to state a claim upon which relief can be granted.  Even if the court were to accept Plaintiffs' allegations that their claim exceeds $75,000, the court continues to be unable to discern any allegation as to the manner or method in which Defendant allegedly violated RICO or any other statute.  Plaintiffs still do not identify which subsections of 18 U.S.C. § 1962 that they believe Defendant violated.  As such, the court proposes that the presiding District Judge **FIND** that Plaintiffs' pleadings fail to state a claim upon which relief can be granted.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss this action pursuant to the provisions of 28 U.S.C. § 1915(e)(2) and **DENY** Plaintiffs' Application to Proceed Without Prepayment of Fees.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation, within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiffs.

March 28, 2008
Date

Mary E. Stanley
United States Magistrate Judge

5